UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LENNY COPPOLA and CHERYL ACCARDI, individually and on behalf of all others similarly situated, | * * * * | |
| Plaintiffs, | * * | |
| v. | * * | Civil Action No. 1:23-cv-11639-IT |
| AMROCK, LLC, | * * | |
| Defendant. | * | |

MEMORANDUM & ORDER

August 16, 2024

TALWANI, D.J.

Pending before the court is Plaintiffs Lenny Coppola and Cheryl Accardi's ("Named Plaintiffs") Motion for Conditional Certification and Notice ("Mot. for Cert.") [Doc. No. 33]. Plaintiffs ask the court to conditionally certify their proposed collective so that notice may issue pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). For the following reasons, the Motion [Doc. No. 35] is GRANTED as to conditional certification and remains under advisement as to the notice process.

## I.    Background Relevant to the Pending Motions

### A.    Overview

Amrock is a national provider of title insurance, property valuations, and settlement services. Decl. of Nicole Beattie ("Beattie Decl.") ¶ 7 [Doc. No. 25-1]. Prior to July 2023, Amrock employed approximately 250 people located across the United States as Team Appraisers, in-house staff and certified appraisers who performed residential appraisals. Id. ¶ 21.

Named Plaintiffs were both Appraisers: Coppola in Massachusetts, and Accardi in Massachusetts and then New Hampshire. Amended Complaint ¶ 13.

Amrock instituted a round of layoffs in February and March of 2023 which included some Appraisers, including Named Plaintiffs. Rubin Aff., Ex. 1 (Tr. of Beattie Depo) 35:3-15 [Doc. No. 52-1]. Coppola and Accardi each signed a Severance Letter Agreement, which included a severance payment provision, postemployment obligations, and a release of claims except those "which, as a matter of law, cannot be released or waived by private agreement." Beattie Decl. ¶ 26, Ex. A at ¶¶ 4, 6, 9(d) [Doc. No. 25-1].

**B.    The Bucciero Litigation**

On June 13, 2023, Plaintiffs' counsel filed a complaint in the United States District Court for the Southern District of New York. See Mot. to Transfer, Ex. 2 (Bucciero Complaint) [Doc. No. 25-2]. The Bucciero Complaint, brought on behalf of a putative nationwide collective under the FLSA, and as a class action under state wage laws, alleged that Amrock violated state and federal law by failing to pay Appraisers for all hours worked and for improperly denying Appraisers overtime. Id. ¶¶ 1-3.

On June 23, 2023, Amrock's counsel sent Plaintiffs' counsel in Bucciero a pre-motion letter indicating that Amrock intended to file a motion to dismiss or transfer the claims of non-New York residents, or alternatively, to transfer the case to the Eastern District of Michigan. On July 17, 2023, Plaintiffs' counsel responded to Amrock's letter via email, and stated that "in interest of avoiding unnecessary motion practice, we are amendable to limiting the scope of this litigation to the claims of New York residents[.]" Rubin Aff., Ex. 2 (July 17, 2023 Email) [Doc. No. 52-2].

### A.      The Instant Litigation

Plaintiffs here, represented by the same counsel, filed this case on July 21, 2023, and Amended Complaint on September 21, 2023. See Complaint [Doc. No. 1]; Am. Compl. [Doc. No. 15]. As in the Bucciero complaint, Plaintiffs allege that Amrock violated state and federal labor laws by failing to pay Plaintiffs and other members of the putative FLSA collective and putative Rule 23 class for all hours worked and improperly calculating work week hours to avoid paying overtime. Am. Compl. ¶ 3 [Doc. No. 15].

Per the Amended Complaint [Doc. No. 15], the putative collective is made up of all persons who are or have been employed by Amrock as an Appraiser anywhere in the United States (excluding New York State) within the period of three years prior to the action's filing date through the date of final disposition, who worked over 40 hours in at least one workweek during this period, and who were subject to one or more of Amrock's practices of: "(i) failing to compensate Appraisers for all hours worked during a workweek by encouraging underreporting of hours and off-the-clock work; (ii) miscalculating the appropriate regular rate of pay and failing to pay Appraisers proper overtime premiums for all hours worked over 40 in a workweek, (iii) improperly applying the fluctuating work week methodology for calculating overtime premiums despite no mutual understanding that Plaintiffs base salary covered all hours worked, or (iv) failing to maintain proper records, all in violation of the FLSA." ¶¶ 4, 68.

Plaintiffs also seek to represent as to state law claims a class of Appraisers employed in Massachusetts and a class of Appraisers employed in New Hampshire. Id. ¶ 69.

On October 10, Defendant filed its Motion to Transfer Plaintiffs' Class and Collective Action Complaint [Doc. No. 25] to the Eastern District of Michigan. On October 13, Plaintiffs also filed the pending Motion for Conditional Certification and Notice [Doc. No. 33].

On November 13, 2023, the parties submitted a <u>Stipulated Tolling Order</u> [Doc. No. 64], which the court adopted, <u>see</u> [Doc. No. 66], in which the parties agreed to toll the FLSA's statute of limitations from October 16, 2023, until 60 days after the date of the court's decision on the Motion to Transfer. On April 12, 2024, the court denied Defendant's Motion to Transfer. Mem. and Order [Doc. No. 73].

On April 30, 2024, the parties submitted a <u>Stipulated Order Regarding Arbitration</u> [Doc. No. 74], which the court adopted, <u>see</u> [Doc. No. 75], in which the parties agreed that certain opt-in Plaintiffs who signed Career Transition Agreements with Amrock containing arbitration clauses would be required to arbitrate their claims and excluded from the collective and class sought by Plaintiffs.

Following that stipulation, on May 1, 2024, the parties filed a <u>Joint Request</u> [Doc. No. 77] in which they reported that they could not reach an agreement on notice to the putative collective and would wait for the court's order on the motion for conditional certification. <u>Id.</u> at 1. The parties also reported they had agreed to attempt resolution through private mediation, scheduled for July 25, 2024. <u>Id.</u> at 2. In connection with the agreement to mediate, the parties exchanged limited discovery and asked that, in the event mediation was unsuccessful, the court extend the discovery deadlines. <u>Id.</u> In light of the Joint Statement, the court asked the parties to clarify whether they had a continuing agreement to toll the statute of limitations, and if so, on what terms. Elec. Order [Doc. No. 78].

On May 3, 2024, the parties filed a <u>Supplemental Joint Statement and Request for Extension of Scheduling Order Deadlines</u> [Doc. No. 79], requesting that the court hold any decision on the certification motion until after the parties' scheduled mediation on July 25. They also agreed that the statute of limitations should continue to be tolled until the court's ruling on

the Motion for Conditional Certification, and that the parties then would meet and confer about further tolling, if necessary. Id. at 1.

On July 31, 2024, the parties reported that mediation was unsuccessful.

## II.   Discussion

### A. Statutory Scheme

Employees may bring collective actions under the FLSA on behalf of themselves and all other "similarly situated" employees. 29 U.S.C. § 216(b). The First Circuit has not prescribed a procedure for certification, but most courts take a two-step approach. Romero v. Clean Harbors Surface Rentals USA, Inc., 368 F.Supp.3d 152, 161 (D. Mass. 2019). First, the court makes an initial determination of whether the potential collective members should receive notice of the pending action. Id. (citing Trezvant v. Fidelity Emp'r Servs. Corp., 434 F.Supp.2d 40, 43 (D. Mass. 2006)). "This determination is made using a fairly lenient standard, which typically results in conditional certification." Trezvant, 434 F.Supp.2d at 43. At this stage, the plaintiff must show only "that there is 'some factual support'—as opposed to mere allegations—that the potential plaintiffs are similarly situated." Cunha v. Avis Budget Car Rental, LLC, 221 F.Supp.3d 178, 181 (D. Mass. 2016). Then, after discovery is complete, the court makes a final determination as to whether the collective members are similarly situated. Trezvant, 434 F.Supp.2d at 41. At that point, the court considers factors such as disparate factual and employment settings, various defenses available to the defendant specific to each plaintiff, and fairness and procedural considerations. Id. at 45.

In Hoffman-La Rouche Inc. v. Sperling, the Supreme Court explained that the benefits of a collective action "depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." 493 U.S. 165, 170 (1989). Accordingly, once a collective action is filed, the district

court "has a managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way." Id. at 170-71. A district court may exercise its discretion by conditionally certifying an action and monitoring preparation and distribution of such notice. Id. at 171-72. "'[C]onditional certification' does not produce a class with an independent legal status, or join additional parties to the action." Genesis Healthcare Corp. v. Symczyk, 569 U.S. 66, 75 (2013). Instead, "the sole consequence of conditional certification is the sending of court-approved written notice to employees[.]" Id. (citing Hoffmann–La Roche Inc., 493 U.S. at 171–72).

### B. Collective Action Certification

Plaintiffs contend that certification is appropriate because the Appraisers had the same job duties and performed similar work for Amrock. Additionally, Plaintiff argues that Appraisers were bound by a single compensation plan which was improperly implemented by Amrock as to all Appraisers with regard to overtime.

Amrock opposes certification. It contends that "Plaintiffs fail to plausibly show a unifying common *unlawful* policy or practice that can establish conditional liability individually, let alone for a putative collective" and that this is "fatal to Plaintiff's ability to show conditional certification is warranted." Def.'s Mem. 1 [Doc. No. 59]. Additionally, Amrock contends that a nationwide collective is inappropriate. Id. at 10.

Conditional certification of a collective action pursuant to 29 U.S.C. § 216(b) is appropriate here, where Plaintiffs assert that Appraisers across geographic locations had similar responsibilities and compensation and raise common issues among the putative class, including whether Amrock failed to pay overtime wages to all Appraisers. Plaintiffs have submitted affidavits from five Appraisers who worked in four states detailing similar job duties, guidelines for conducting appraisal work, performance metrics, timekeeping practices, and the same

6

allegedly unlawful compensation schemes. See Decl. of Rachel M. Haskell, Exs. 1-5 [Doc. Nos.

35-1, 35-2, 35-3, 35-4, 35-5]. This satisfies the "modest factual showing" required at this stage of

certification.[1] Trezvant, 434 F.Supp.2d at 43. Amrock's objection goes to the merits of Plaintiffs'

claims and final certification of the collective, which do not bear on whether notice should be

sent to the putative collective. Accordingly, the court will conditionally certify a nationwide

collective (excluding Appraisers employed or formerly employed in New York state).

## C. Statutory Period and Statute of Limitations

Plaintiffs seek certification of a collective of "all persons who are or have been employed

by [Amrock] as an Appraiser . . . within the period of the past three years from this action's filing

date." Pl.'s Mem. 1 [Doc. No. 36]. Amrock objects first that the statute of limitations is two

---

[1] The cases Amrock cites in arguing that Plaintiffs are not similarly situated do not counsel against conditional certification here. For example, in O'Donnell v. Robert Half Intern., Inc., the court refused to certify a nationwide putative collective because plaintiffs were inconsistent in their descriptions of the proposed collective which would "number in the thousands." 429 F.Supp.2d 246, 251 (D. Mass. 2006). In contrast, Plaintiffs' proposed class is discrete—the putative collective members worked in the same position with the same job descriptions, were governed by a single compensation plan, were uniformly classified by Amrock's management, and number in the hundreds, not the thousands. See Kane v. Gage Merchandising Servs., Inc., 138 F.Supp.2d 212, 215 (D. Mass. 2001) (certifying collective where record suggested that defendants "had a policy of treating at least some discrete class of employees . . . as exempt from the FLSA overtime requirements"). Similarly, Amrock cites Davine v. Golub, 2015 WL 1387922 (D. Mass. Mar. 25, 2015), for the proposition that "courts do not typically grant certification of a multi-facility or nationwide collective action based on a limited number of declarations that lack knowledge as to other locations." Def.'s Mem. 10 [Doc. No. 59]. But the Davine court agreed to certify the collective in that case based on five declarations from employees across four states. Davine, 2015 WL 1387922, at *2. Those declarations provided similar information to the Appraisers' declarations here, including management structure, job responsibilities, scheduling expectations, and employee workloads. As for the cases cited by Amrock where conditional certification was denied, such as Freeman v. Wal-Mart Stores, 256 F.Supp.2d 941 (W. D. Ark. 2003), the proposed collectives were more amorphous than the collective proposed here. In Freeman, for example, the district court denied conditional certification where plaintiff claimed that "all salaried Wal-Mart employees below officer level are similarly situated no matter what the nature of their duties: the employees are similarly situated simply because they claim violations of the law by the same employer." Id. at 945. Plaintiffs' allegations here are far less speculative and sufficient to justify notice at this stage of certification.

years where Plaintiffs have not provided evidence that Amrock's alleged violation of the FLSA was willful. Def.'s Mem. 19 [Doc. No. 59]. But Plaintiffs' <u>Amended Complaint</u> contains allegations of willfulness. ¶¶ 3, 67, 87, 92, 96-97 [Doc. No. 15]. At this early stage of litigation, opt-in notice is to be construed broadly in furtherance of "[t]he broad remedial goal" of the FLSA. <u>Hoffman-La Roche Inc.</u>, 493 U.S. at 173. Thus, limitation of the collective at this stage would be inappropriate before a factual determination as to willfulness can be made. <u>See Doucoure v. Matlyn Food, Inc.</u>, 554 F.Supp.2d 369, 373 (E.D.N.Y. 2008) (Plaintiff's well-pleaded allegations that defendant willfully violated FLSA sufficient to trigger three-year statute of limitations).

Amrock further objects that, even if the court agrees to Plaintiffs' proposed three-year collective period, that period should be defined as "three years before the date the notice is issued (as opposed to three years before the filing of the lawsuit)." Def.'s Mem. 19 [Doc. No. 59]. Amrock is correct that the statute of limitations for FLSA claims for non-named plaintiffs runs until written consent is filed by that individual, 29 U.S.C. § 256, so any potential plaintiff whose employment ended more than three years, excluding any tolled periods, prior to opting in to the action does not have a timely claim.

The court adopts a three-year period for the collective, modified to exclude time which the parties have agreed (or will agree) to toll.

### D.  Form of Notice

Plaintiffs seek to send notice to identified Appraisers via regular mail as well as via email and a short form text message. Pl.'s Mem. 11 [Doc. No. 36]. They contend their proposed notice is substantially similar to notices approved in prior cases. <u>Id.</u> at 12. Amrock objects to both the form and method of Plaintiffs' proposed Notice and requests it be allowed 14 days to file

supplemental briefing about the notice process and who should furnish notice. Def.'s Mem. 20 [Doc. No. 59]. The court grants Amrock's request for supplemental briefing.

### III.    Conclusion

For the foregoing reasons, Plaintiffs' Motion for Conditional Certification and Notice [Doc. No. 33] is GRANTED as to conditional certification and remains under advisement as to the notice process.

Amrock is directed to file its supplemental briefing by August 30, 2024. Plaintiffs may file a reply to Amrock's supplemental brief by September 6, 2024. Counsel shall also confer and advise the court on any agreement as to further tolling once the Motion [Doc. No. 33] is fully resolved.

IT IS SO ORDERED

August 16, 2024                                   /s/Indira Talwani
                                                          United States District Judge