UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LENNY COPPOLA and CHERYL ACCARDI, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>AMROCK, LLC,<br><br>　　　　Defendant. | *<br>*<br>*<br>*<br>*<br>*<br>*   Civil Action No. 1:23-cv-11639-IT<br>*<br>*<br>*<br>* |

MEMORANDUM & ORDER

September 12, 2024

TALWANI, D.J.

Pending before the court is Plaintiffs Lenny Coppola and Cheryl Accardi's ("Named Plaintiffs") <u>Motion for Conditional Certification and Notice</u> ("Mot. for Cert.") [Doc. No. 33]. On August 16, 2024, the court granted Plaintiffs' request for conditional certification (with a slight modification) but reserved on the form and method of Notice pending further briefing from the parties. Following review of that briefing, the court adopts the form and method of Notice prescribed below and denies Amrock's request to stay discovery [Doc. No. 84] during the notice period and denies without prejudice Plaintiffs' request to extend discovery.

**I.   Discussion**

　**A.  Notice Method**

In their motion for conditional certification, Plaintiffs propose Notice be sent to putative collective members via regular mail, email, and text message. Pls.' Mot. and Mem. of Law ISO Conditional Cert. and Notice ("Pls.' Cert. Mot.") 11 [Doc. No. 36]. Plaintiffs emphasized that regular mail does not always arrive and Amrock may not be in possession of all Appraisers'

current home addresses. Id. Plaintiffs also proposed a reminder notice to be sent via email or regular mail. Id. at 14.

Amrock objects to the email and text message notices as duplicative and because they "risk[] the appearance that the Court is soliciting or endorsing participation in this lawsuit." Def. Amrock LLC's Supp. Briefing in Opp. to Pls.' Proposed Notice and Distribution Process and Mot. to Stay Discovery ("Amrock Notice Brief") 8 [Doc. No. 84]. It also objects to the reminder notice as unnecessary and harassing. Id. at 9.

The court sees no solicitation or appearance of solicitation by the court presented by the additional proposed notices but agrees with Amrock that email and text message notices are not needed for those individuals for whom Amrock has a current mailing address. However, in the event that the original Notice mailed to a collective member's address is undeliverable, the court will allow Plaintiffs to have the Notice resent to any forwarding address provided by the Post Office, and to have the identical Notice sent to that collective member via email.

The court also finds that a 45 day reminder sent to collective members for whom the claim administrator has not received a consent to join the action would be helpful rather than harassing, and approves such notice. Plaintiffs have not objected to Amrock's proposed Reminder Notice [Doc. No. 84-5], but requested that it specify whether the claims administrator's records indicate if a consent to join has not yet been received for such individual. Accepting Plaintiffs' suggestion, the court adopts Amrock's proposed Reminder Notice [Doc. No. 84-5], with the first full sentence amended to state: "You were mailed a Notice advising you that you may be eligible to participate in a lawsuit against Amrock, LLC, and the claims administrator has not received from you a consent to join the action."

The parties have agreed that the notice process should be facilitated by a third-party administrator, paid for by Amrock. See Amrock Notice Brief 2 [Doc. No. 84]; Pls.' Reply to Def.'s Supp. Briefing in Opp. to Pls.' Proposed Notice and Distribution Process and Mot. to Stay Discovery ("Pls.' Notice Reply") 5 [Doc. No. 85]. The court adopts this proposal.

### B. Notice Form

Amrock attached to its supplemental briefing a redlined version of Plaintiffs' proposed Notice. See Amrock Notice Brief, Ex. 1(a) [Doc. No. 84-2]. Plaintiffs responded with an edited version of Amrock's redline, accepting the bulk of Amrock's edits and proposing some further changes.

The court adopts the Notice form proposed by Plaintiffs at Doc. No. 85-1, with the modification that Section 2, titled "Amrock's Career Transition Agreement Prohibits You From Joining This Lawsuit" should be included, with the text reading:

> If you signed a Career Transition Agreement with Amrock, you are not eligible to join this lawsuit. In addition, if you worked for Amrock only in the State of New York, you are not eligible to join this lawsuit.

### C. Disclosure of Class Members' Personal Identifiable Information

Plaintiffs request that Amrock produce the last known telephone numbers, email addresses, and social security numbers of all Appraisers in the putative collective. Pls.' Cert. Mot. 15 [Doc. No. 36]. The court agrees with Amrock that disclosure of putative collective members' Social Security numbers would raise undue privacy concerns. Moreover, where the court has not approved notice by text, telephone numbers are unnecessary. Accordingly, the court directs Amrock to disclose to the third-party administrator the last-known home addresses of putative collective members and, if mail is returned as undeliverable, their email addresses.

### D. Defendant's Motion to Stay Discovery and Plaintiffs' Offer to Extend Discovery

3

Amrock requests a discovery stay during the pendency of the notice period in its supplemental briefing. Under the Scheduling Order [Doc. No. 77] proposed by the parties and adopted by the court [Doc. No. 81], general fact discovery is set to close on September 28, 2024, with a further ninety-days following the end of the opt-in period to complete discovery on any new opt-in plaintiffs. Sched. Order ¶ 6 [Doc. No. 77]. In light of this additional discovery time following the opt-in period that is already contemplated by the current scheduling order, the request for a stay is denied.

Plaintiffs state that they are amenable to a 60-day extension of time to complete discovery. Pls.' Notice Reply 2 [Doc. No. 85]. Any such request should be made by motion.

## II.     Conclusion

For the foregoing reasons, Plaintiffs' Motion for Conditional Certification and Notice [Doc. No. 33] is GRANTED as follows:

1. Defendants shall provide the third-party notice administrator names, addresses, email addresses, and dates and locations of employment for all members of the collective within 14 days of this order;

2. The third-party administrator shall provide Notice in the form of the Proposed Notice [Doc. No. 85-1], with the court's amendment, to all members of the collective by regular mail. The third-party administrator shall inform counsel for both sides when Notices are sent and when Notices are returned as undeliverable.

3. For those Appraisers whose Notices are returned as undeliverable, the third-party administrator shall provide Notice by mailing the Notices to forwarding addresses provided by the United States Post Office and by sending Notice to any known email address for that Appraiser; and

4. Forty-five days after the initial Notice is sent, the third-party administrator shall send by email a reminder notice to Appraisers who have not submitted Consent Forms in the form of the <u>Reminder Notice</u> [Doc. No. 85-4], with the court's amendment.

Counsel previously agreed that the statute of limitations should continue to be tolled until the court's ruling on the instant motion, and that the parties then would meet and confer about further tolling, if necessary. Supp. Joint Statement and Request for Ext. of Sched. Order Deadlines [Doc. No. 77]. Accordingly, the parties shall meet and confer regarding further tolling to allow for the notice period.

    IT IS SO ORDERED

September 12, 2024        /s/Indira Talwani
                  United States District Judge